UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BARTOLOME BRITO,

                            Plaintiff,

     -v-                                    1:08-CV-994 (LEK/DRH)

GASPAR M. CASTILLO, Attorney at
Law, Individually and in his Official
Capacity; and GLORIA HERRON
ARTHUR, Attorney at Law, Individually
and in her Official Capacity,

                            Defendants.

**MEMORANDUM-DECISION AND ORDER**

On September 18, 2008, Plaintiff Bartolome Brito ("Plaintiff") commenced this action pursuant to 42 U.S.C. § 1983. Compl. (Dkt. No. 1). Plaintiff alleges that Defendants Gaspar M. Castillo and Gloria Herron Arthur ("Defendants") violated his constitutional rights during their representation of him on appeal of his criminal conviction. See generally id. On January 16, 2009, Defendants moved to dismiss the Complaint, contending that Defendants did not act under color of state law and therefore Plaintiff could not proceed under § 1983. Mot. to dismiss (Dkt. No. 10); Defs.' Mem. in Supp. at 3-6 (Dkt. No. 10, Attach. 2).

Presently before the Court is Plaintiff's Motion to amend his Complaint. Mot. to amend (Dkt. No. 19). For the reasons discussed below, the Motion is granted, and Plaintiff is directed to file an Amended Complaint within forty-five (45) days of the filing of this Order.

**I.    BACKGROUND**

On July 12, 2001, Plaintiff was convicted on several counts of controlled substance

1

violations in the County Court, County of Oneida.  Compl. ¶¶ 13-14.  Defendants represented Plaintiff in the appeal of his conviction.  Compl. ¶¶ 9-10.  Plaintiff's Complaint alleges that Defendants committed various improprieties in their representation of Plaintiff, and that Defendants thereby violated Plaintiff's Constitutional rights, including his due process right to liberty.  See generally id.

By letter dated January 30, 2009 submitted to Magistrate Judge David R. Homer, Plaintiff requested an Order granting him leave to withdraw his claims under 42 U.S.C. § 1983 without prejudice and to assert his claims under 28 U.S.C. § 1332.  Dkt. No. 16.  On February 5, 2009, Defendants filed a letter in opposition to Plaintiff's request.  Dkt. No. 17.  On February 10, 2009, Judge Homer denied Plaintiff's request, but granted Plaintiff leave to file a formal motion to amend his Complaint.  Dkt. No. 18.

On March 9, 2009, Plaintiff filed a Motion to amend his Complaint.  Plaintiff asserts that he wishes "to file an amended complaint adding additional statutes[,]" and to bring his claims pursuant to 42 U.S.C. § 1985(3), alleging federal jurisdiction under 28 U.S.C. §§ 1331 and 1334(3).  Mot. to amend at 1-2.  On March 26, 2009, Defendants filed a Response in opposition to Plaintiff's Motion and in further support of their Motion to dismiss.  Dkt. No. 20.

**II.   DISCUSSION**

The Federal Rules of Civil Procedure provide that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."  FED. R. CIV. P. 15(a)(1)(A). A motion to dismiss is not a responsive pleading within the meaning of Rule 15(a).  See Kassner v. 2nd Avenue Delicatessen Inc., 496 F.3d 229, 242 (2d Cir. 2007) (citing Barbara v. New York Stock Exch., Inc., 99 F.3d 49, 56 (2d Cir. 1996)); see also FED. R. CIV. P. 7 (differentiating between

pleadings and motions). As Defendants have filed a Motion to dismiss rather than an Answer to the Complaint, Plaintiff has not been served with a responsive pleading. Therefore, the Court must allow Plaintiff leave to amend his Complaint. See FED. R. CIV. P. 15(a)(1)(A).

However, Plaintiff's Motion to amend does not comply with the Local Rules. Local Rule 7.1(a)(4) provides that a

> A party moving to amend a pleading . . . must attach a[] copy of the proposed amended pleading to its motion papers. Except if the Court otherwise orders, the proposed amended pleading must be a complete pleading, which will supersede the original pleading in all respects. A party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference.

N.D.N.Y. L.R. 7.1(a)(4).

While Plaintiff has asserted what he wishes to amend in his Complaint, he has not attached a proposed amended Complaint with his Motion to amend. Ordinarily, where a plaintiff moves to amend a complaint but fails to submit a proposed amended complaint, courts either hold the motion in abeyance pending the filing of the proposed complaint or deny the motion without prejudice. Smith v. Planas, 151 F.R.D. 547, 550 (S.D.N.Y. 1993) (citations omitted). However, as Rule 15 allows Plaintiff to amend his pleading as a matter of course, the Court will overlook Plaintiff's failure to comply with the Local Rules. See Holtz v. Rockefeller & Co., 258 F.3d 62, 73 (2d Cir. 2001) ("A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules") (citations omitted); Batyreva v. New York City Dept. of Educ., 07 Civ. 4544, 2008 WL 4344583, *1, *15 (S.D.N.Y. 2008) (permitting plaintiff to file amended complaint despite failure to provide proposed amended complaint with her motion to amend).

Accordingly, the Court grants Plaintiff's Motion to amend. **Plaintiff is directed to file and serve an Amended Complaint within forty-five (45) days of the filing of this Order**. Upon the

3

filing of the Amended Complaint, the Court will decide Defendants' Motion to dismiss, as Defendants' Motion and their Response to Plaintiff's Motion address the anticipated changes to Plaintiff's Complaint.  See Hollenbeck v. Boivert, 330 F. Supp. 2d. 324, 328 n.3 (S.D.N.Y. 2004). Defendants are also free to withdraw their Motion to dismiss and file a renewed Motion to dismiss within **twenty (20) days** of the filing of the Amended Complaint, if they deem such action to be necessary.

### III.    CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Plaintiff's Motion to amend the Complaint (Dkt. No. 19) is **GRANTED**; Plaintiff is directed to file and serve an Amended Complaint within **forty-five (45) days** of the filing of this Order; and it is further

**ORDERED**, that Defendants are granted leave to withdraw their Motion to Dismiss (Dkt. No. 10) and file a renewed Motion to dismiss within **twenty (20) days** of the filing of the Amended Complaint; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:   April 29, 2009
         Albany, New York

Lawrence E. Kahn
U.S. District Judge