UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BARTOLOME BRITO,

                              Plaintiff,

      -against-                                  1:08-CV-0994 (LEK/DRH)

GASPAR M. CASTILLO, Attorney at law,
Individually and in his Official Capacity; and
GLORIA HERRON ARTHUR, Attorney at law,
Individually and in her Official Capacity

                              Defendants.

## MEMORANDUM-DECISION AND ORDER

On September 18, 2009, Plaintiff Bartolome Brito ("Plaintiff"), acting *pro se*, filed a Complaint (Dkt. No. 1) pursuant to 42 U.S.C. § 1983 alleging, *inter alia*, constitutional violations by Defendants Gaspar M. Castillo ("Castillo") and Gloria Herron Arthur ("Arthur") (collectively, "Defendants") during their representation of him on his appeal of his criminal conviction in New York State court. See generally Compl. On January 16, 2009, Defendants moved to dismiss the action pursuant to Federal Rule of Civil Procedure 12(b)(1), (6), and (9), claiming that Plaintiff cannot proceed under § 1983 as they had not acted under color of state law; the Court does not have supplemental jurisdiction over Plaintiff's state law claims; the Court does not have diversity jurisdiction; and Plaintiff had failed to state a claim upon which relief could be granted. Motion to Dismiss (Dkt. No. 10). In response, Plaintiff moved to amend his Complaint. Dkt. No. 19. Plaintiff's Motion to amend (Dkt. No. 19) was granted on April 29, 2009, at which time this Court granted Defendants leave to withdraw their Motion to dismiss (Dkt. No 10) and file a renewed

motion within twenty days of Plaintiff's filing an amended complaint. Dkt. No. 21. Plaintiff filed an Amended Complaint (Dkt. No. 22) on June 8, 2009, this time pursuant to 42 U.S.C. 1985(3) ("§1985(e)") and 42 U.S.C. § 1986 ("§1986") and asserting jurisdiction under 28 U.S.C. §§ 1331 and 1343(3). Presently before the Court is Defendants' renewed Motion to Dismiss (Dkt. No. 23). For the reasons discussed below, Defendants' Motion is granted and Plaintiff's Amended Complaint is dismissed.

**I.    BACKGROUND**

On July 13, 2000, Plaintiff was arrested and charged with several counts of controlled substances violations. Am. Compl. ¶ 7. He retained the services of Castillo & Associates, and specifically Defendant Gaspar Castillo to defend him on these charges. Id. ¶ 8. On July 12, 2001, Plaintiff was convicted in the County Court of Oneida County. Id. ¶ 9. Castillo was again retained by Plaintiff to represent the latter in his appeal. Id. ¶ 10. On or about October 1, 2004, the New York State Appellate Division, Fourth Department, upheld Plaintiff's conviction. Id. ¶ 13. On or about January 13, 2005, the New York State Court of Appeals ("Court of Appeals") granted Plaintiff a Certificate of Appealability. Id. ¶ 16. Castillo, assisted by Arthur, was to represent Plaintiff in this second-level appeal.

According to Plaintiff, Defendants sought to "cut corners" and "save money" by avoiding the Court of Appeals' requirement that twenty-one copies of the Plaintiff's brief be filed with the court. Id. ¶ 17. Allegedly, Castillo "attempted to induct the Court, and clerk into a conspiratorial financial scheme to defraud the State out of monetary sums" by requesting from the court that he be allowed to submit only a single copy of Plaintiff's brief and have the Court of Appeals reproduce

2

the additional twenty copies. Id. This alleged conspiracy failed when the Court of Appeals directed Castillo to submit twenty copies, instructing him to do so by September 27, 2005. Id. ¶ 18. Defendants failed to meet this briefing schedule, and Plaintiff's appeal was dismissed as untimely. Id. ¶ 19. Plaintiff alleges that Castillo failed to meet the filing date "[b]ecause of the time consumption, to the intended attempted copying conspiracy scheme." Id. ¶ 20. Plaintiff alleges that Arthur, "had knowledge of the attempted financial conspiracy's scheme intent, and . . . having power to prevent" that scheme "neglected to do so, and . . . deliberately and indifferently failed to assist in the timely prosecution of plaintiff's second level appeal." Id. ¶ 21.

## II.   STANDARD OF REVIEW

When considering a motion to dismiss under 12(b)(6), a district court must accept the factual allegations made by the non-moving party as true and "draw all inferences in the light most favorable" to the non-moving party. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007). "The movant's burden is very substantial, as 'the issue is not whether a plaintiff is likely to prevail ultimately, but whether the claimant is entitled to offer evidence to support the claims.'" Log On America, Inc. v. Promethean Asset Mgmt. L.L.C., 223 F. Supp. 2d 435, 441 (S.D.N.Y. 2001) (quoting Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 673 (2d Cir. 1995) (internal quotation and citations omitted)). In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950. Where

3

a plaintiff provides well-pleaded factual allegations, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

### III.  DISCUSSION

As an initial matter, the Court notes Plaintiff's *pro se* status.  As a *pro se* litigant, Plaintiff is entitled to special solicitude and the Court shall construe his pleadings liberally.  Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 477 (2d Cir. 2006); Haines v. Kerner, 404 U.S. 519, 520 (1972). Nevertheless, while the Court shall attempt "to protect pro se litigants from inadvertent forfeiture of important rights because of their lack of legal training . . . . [this] does not exempt a party from compliance with relevant rules of procedural and substantive law." Traguth v. Zuck, 710 F.2d 90 (2d Cir. 1983) (internal quotation omitted).  Thus, in order to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure,[1] even *pro se* litigants must provide the grounds on which they are entitled to relief, and do so by providing more specificity than is contained in a simple recitation of the elements comprising a cause of action and without reliance on conclusory statements.  See Twombly, 550 U.S. 570; Iqbal, 129 S. Ct. 1937.

Plaintiff's Complaint lists three causes of action against Defendants, which essentially allege violations of Plaintiff's right to due process and ineffective assistance of counsel.  All three claims require a threshold finding of Defendants' alleged conspiracy, which, in turn, allows Plaintiff to bring his suit pursuant to §§ 1985(3), 1986.  Plaintiff alleges that Castillo engaged in a conspiracy to defraud the state by making a motion with the Court of Appeals requesting that it, rather than his

---

[1] Rule 8(a)(2) requires that, to state a claim for relief, a plaintiff must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8.

law office, be responsible for the costs accrued in making copies of the Plaintiff's appellate brief. Arthur is, alternatively, alleged to have participated in this conspiracy or had knowledge of such conspiracy and power to prevent its commission, and neglected to do so. Am. Compl. ¶¶ 32-43.

42 U.S.C. § 1985(3) provides:

> If two or more persons in any State or Territory conspire . . . for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or . . . if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1986 allows an injured party to hold liable:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed.

Because all of Plaintiff's claims are brought pursuant to either § 1985(3) or § 1986, the existence of a conspiracy, as provided for under § 1985(3), is essential to each cause of action alleged. See Gagliardi v. Village of Pawling, 18 F.3d 188, 194 (2d Cir. 1994) (citing Jews for Jesus, Inc. v. Jewish Cmty. Relations Council, 968 F.2d 286, 292 (2d. Cir. 1992)). "To state a conspiracy claim under 42 U.S.C. § 1985, plaintiff must allege (1) some racial or other class-based discriminatory animus underlying the defendants' actions, and (2) that the conspiracy was aimed at interfering with the plaintiff's protected rights." Porter v. Selsky, 287 F. Supp. 2d 180, 187 (W.D.N.Y. 2003) (citing Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 268 (1993); see also Brown v. Cohen, No. 08-CV-26, 2008 U.S. Dist. LEXIS 85360 at *5-6 (S.D.N.Y. Sept. 3,

5

2008). Further, the Second Circuit has repeatedly held that "complaints containing only conclusory, vague, or general allegations of a conspiracy to deprive a person of constitutional rights will be dismissed." Ostrer v. Aronwald, 567 F.2d 551, 553 (2d Cir. 1977) (quotations and citations omitted); see also Webb v. Goord, 340 F.3d 105, 110-11 (2d Cir. 2003); Gyadu v. Hartford Ins. Co, 197 F.3d 590, 591 (2d Cir. 1999).

Under this clear precedent, Plaintiff's Complaint is properly dismissed. Plaintiff has failed to provide any factual support for his allegation that Defendants' engaged in a conspiracy or did so motivated by unlawful, discriminatory animus. Other than conclusory allegations, there is absolutely nothing in Plaintiff's Amended Complaint to the contrary. Even taking the fact alleged as true and drawing all reasonable inferences therefrom, the mere fact that Castillo requested of the Court of Appeals that he be allowed to submit a single copy of Plaintiff's appellate brief is inadequate to support Plaintiff's contention that a conspiracy to defraud the state existed. Thus, Plaintiff has failed to state a claim for relief under 42 U.S.C. § 1985(3) or 42 U.S.C. § 1986. Accordingly, each of Plaintiff's claims is dismissed.

### IV.    CONCLUSION

Based on the foregoing discussion, it is hereby

**ORDERED**, that Defendants' renewed Motion to dismiss (Dkt. No. 23) is **GRANTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's Amended Complaint (Dkt. No. 22) is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties.

**IT IS SO ORDERED**.

DATED: March 22, 2010
Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge